MARY BLOOMFIELD ET AL. v. THE NEW YORK AND NEW JERSEY TELEPHONE COMPANY.

Argued February 19, 1902—Decided June 9, 1902.

The question being whether certain conduct of the defendant, assigned as a breach of its contract, was really a breach, or was merely a tort, and that question being a debatable one which could be raised by demurrer—*Held*, that a motion to strike out the assignment should be denied.

On *certiorari.*

Before Justices DIXON and COLLINS.

For the motion, *Charles L. Corbin.*

*Contra, Willard P. Voorhees.*

The opinion of the court was delivered by

DIXON, J. The declaration in this case is based upon a contract between the parties, by which the plaintiffs granted to the defendant the right to erect and maintain telephone and telegraph poles, not more than eighteen in number, with the necessary wires and fixtures, on certain land of the plaintiffs. The contract contained definite provisions regarding the character and situation of the poles and appliances. After setting out the terms of the contract and alleging the defendant's entry upon the land under and by virtue of the contract,

the declaration assigned several acts and omissions of the defendant as breaches of its agreement, and among others that the defendant erected electric light poles on the land and allowed electric light wires to be strung and maintained thereon.

The defendant moves to strike out this assignment, on the ground that such an act cannot be deemed a violation of the contract, but must be treated merely as a tort.

A contract consists not only of the stipulations which the parties have expressed in words, but also of the obligations that are reasonably implied as concomitants of those stipulations.

On this principle the plaintiffs insist that there was implied in the contract, by which they granted to the defendant a right to enter upon their land for a specified purpose, an agreement by the defendant that, if it entered in pursuance of the grant, as the declaration avers it did, it would not use the land for a different purpose, and that the act assigned as a breach contravened this implied agreement.

Whether this position is unfounded is certainly a debatable question, which might have been properly raised by demurrer, and which goes to the very root of this cause of complaint.

Under such circumstances it is not the practice of the court to strike out the impugned pleading. *Coxe* v. *Higbee*, 6 *Halst.* 395; *Hogencamp* v. *Ackerman*, 4 *Zab.* 133; *Miller* v. *Hillsborough Fire Association*, 17 *Vroom* 503, 505.

The motion to strike out is denied, with costs.